

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 27, 2018

<u>By ECF</u>

Honorable Eric N. Vitaliano
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*Elizabeth Kelly v. Navient Corporation, et al.*</u>
                <u>No. 18-CV-3186 (Vitaliano, J.) (Bloom, M.J.)</u>

Dear Judge Vitaliano:

      This Office represents Defendant United States of America in the above-referenced action and writes to respectfully request a pre-motion conference to discuss the United States' anticipated motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules for Civil Procedure.

      By way of background, on April 27, 2018, Plaintiff Elizabeth Kelly ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Kings County, against the United States Department of Education ("DOE"), Navient Corporation, and Marlena Brewer-Simpson, arising from a student loan, in the amount of $36,636.00, which Defendant Brewer-Simpson obtained from DOE on or about September 6, 2016.  *See* Complaint ¶ 7, Dkt. No. 1, Ex. A.  Plaintiff alleges that, without her consent or knowledge, Defendant Brewer-Simpson "or a person known to her or acting upon her behalf, signed and/or endorsed the name of Plaintiff . . . as a co-obligator or guarantor" of the loan.  Complaint ¶ 8.  Defendant Navient manages the loan and, according to Plaintiff, at some unknown date, sent Plaintiff a "past due notice" on the loan. Complaint ¶¶ 5, 9, 14.  Plaintiff seeks a declaratory judgment that "[t]he pursuit and prosecution of the demand for Plaintiff to make payments for the Marlena Brew[]er-Simpson loan will result in an unjust enrichment to her as the borrower, and the alleged failure to pay by Plaintiff . . . , as a guarantor or co-obligor of said student loan, will adversely affect the Plaintiff's reputation and credit status, and thereby cause irreparable harm to the Plaintiff."  Complaint ¶ 17.  Plaintiff also asserts two counts of fraud against Defendants, alleging as to the DOE that it was "careless and negligent, causing the aforementioned damages to the Plaintiff."  Complaint ¶ 27.  Plaintiff further seeks the Court to vacate and set aside the guarantee and loan co-obligation, enjoin DOE from enforcing the loan guarantee or co-obligation, and require Defendants to "so advise the credit reporting agencies[.]"  Complaint at p. 9, "Wherefore" clause, ¶ 6.

      On May 31, 2018, the United States removed the Complaint to this Court pursuant to 28 U.S.C. § 1442(a)(1).  *See* Dkt. No. 1.

Honorable Eric N. Vitaliano
June 27, 2018
Page 2

The United States now intends to move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because there has been no waiver of sovereign immunity as to Plaintiff's claims against the DOE. A court "can enforce relief against the sovereign only within the limits established by Congress." *Soriano v. United States*, 352 U.S. 270, 277 (1957). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* at 276. Absent a waiver of sovereign immunity, a court lacks subject matter jurisdiction over the claim. *See, e.g.*, *United States v. Testan*, 424 U.S. 392, 399 (1976); *Coffey v. United States*, 939 F. Supp. 185, 190 (E.D.N.Y. 1996) (Spatt, J.). Where, as here, a party asserts a tort claim such as fraud, waiver of sovereign immunity arises only pursuant to the provisions of the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671-2680; *Callahan v. United States*, 329 F. Supp. 2d 404, 410 (S.D.N.Y. 2004). The FTCA is the exclusive remedy available to Plaintiff for money damages for any alleged wrongful act or omission committed by the United States, including federal employees acting within the scope of employment. *See* 28 U.S.C. § 2671; *Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990).

There is, however, no waiver of sovereign immunity under the FTCA for "[a]ny claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h). Controlling Second Circuit precedent makes clear that this exclusion from the FTCA sovereign immunity waiver extends to claims of fraud. *Edelman v. Fed. Hous. Admin.*, 382 F.2d 594, 597 (2d Cir. 1967) (finding that 28 U.S.C. § 2680 barred fraud claim against the United States). The FTCA waiver of sovereign immunity, therefore, does not apply to claims of defamation or fraud. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (recognizing defamation claim against United States could not be asserted); *Catania v. Herbst*, 916 F. Supp. 2d 266, 272-73 (E.D.N.Y. 2013) (Spatt, J.) (dismissing defamation claim against United States because there was no waiver of sovereign immunity); *Lipkin v. U.S. Sec. and Exch. Comm'n*, 468 F. Supp. 2d 614, 624 (S.D.N.Y. 2006) (dismissing claim against federal employees based on, *inter alia*, slander and fraud). As a result, the government has not waived its sovereign immunity as to Plaintiff's fraud claim against the DOE and, thus, this claim must be dismissed.

Further, and fundamentally, even if Plaintiff asserted a claim for which the FTCA waived sovereign immunity, Plaintiff's claims against the DOE must be dismissed because she failed to exhaust available administrative remedies. The FTCA requires a plaintiff to first exhaust administrative remedies by filing a claim with the appropriate agency within two years of the alleged injury. 28 U.S.C. §§ 2401(a), 2675(a). A claim is presented when the federal agency receives a written executed Standard Form 95 "or other written notification of an incident, accompanied by a claim for money damages in a sum certain," signed by a duly authorized person, together with evidence of authority to present such claim. 28 C.F.R. § 14.2(a). Although the time limitations set by the FTCA are not jurisdictional, *United States v. Wong*, 135 S. Ct. 1625, 1629, 1638 (2015), the presentment requirement of the FTCA "is jurisdictional and cannot be waived," *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Here, Plaintiff has not submitted any administrative claim to the DOE. Accordingly, Plaintiff has failed to meet the FTCA's jurisdictional presentment requirement and her claims are thus subject to dismissal for failure to exhaust administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 110-13 (1993); *Tarafa v. Bureau of Prisons*, No. 07-CV-554, 2007 WL 2120358, at *3 (E.D.N.Y. July 23, 2007) (Irizarry, J.) ("[U]nexhausted

Honorable Eric N. Vitaliano
June 27, 2018
Page 3

FTCA claims prematurely brought before the court must be dismissed, though such dismissal is without prejudice to refile once the claims have been fully exhausted.").

In addition, even if Plaintiff had submitted an administrative claim to the DOE, Plaintiff's claims would still fail as a matter of law because they do not meet the FTCA's "private analogue" requirement. To the extent Plaintiff claims that DOE negligently issued the loan based on a fraudulent signature, there has been, and can be, no waiver of sovereign immunity because there is no "private analogue" to such a claim, as required by the FTCA. *See, e.g.*, 28 U.S.C. § 1346(b); *Figueroa v. United States*, 739 F. Supp. 2d 138, 142 (E.D.N.Y. 2010) (Wexler, J.) (dismissing claim against United States based on the issuance of a passport where the plaintiff alleged the passport application bore a forged signature and defective notary stamp because there could "be no FTCA liability" where there was no private analogue).

Finally, there has been no waiver of sovereign immunity as to Plaintiff's requested injunctive relief. *See* 20 U.S.C. § 1082(a)(2) (precluding suit against the Secretary of DOE for "injunction . . . or other similar process"); *Am. Ass'n of Cosmetology Schs. v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999) (dismissing cause of action couched as declaratory judgment claim that sought certain DOE decisions to be declared "null and void" because such a claim would "produce the same effect as an injunction," which was barred by § 1082(a)(2)).

Accordingly, for the foregoing reasons, and reserving the right to assert additional arguments, the United States respectfully requests that the Court schedule a pre-motion conference to address the anticipated motion to dismiss or provide the parties an opportunity to submit a proposed briefing schedule.

We thank Your Honor for your consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: *s/Rukhsanah L. Singh*
Rukhsanah L. Singh
Assistant U.S. Attorney
(718) 254-6498
rukhsanah.singh@usdoj.gov

cc: William A. Gogel, Esq. (by Federal Express)
*Attorney for Plaintiff*

Eric M. Hurwitz, Esq. (by Federal Express)
*Attorneys for Defendant Navient Solutions, LLC, i/s/h/a Navient Corporation*

Marlene Brewer-Simpson (by Federal Express)

Honorable Eric N. Vitaliano
June 27, 2018
Page 4

    130 Hempstead Avenue
    West Hempstead, New York 11552